UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LONNIE CLEMONT ENCALADE | CIVIL ACTION |
| VERSUS | NO. 09-2999 |
| SYLVIA THOMAS ET AL. | SECTION "N"(2) |

## REPORT AND RECOMMENDATION; ORDER CONCERNING NON-DISPOSITIVE MOTIONS

Plaintiff is a prisoner currently incarcerated in the Robertson Unit of the Texas Department of Corrections in Abilene, Texas. He has responded to the court's previous order, Record Doc. No. 8, requiring him to provide the court with the service address of all defendants. Record Doc. Nos. 10, 11, 12, 17 and 18. In his response, Record Doc. No. 11, plaintiff has requested (1) an order of the court requiring the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, the United States Attorney's Office and the Federal Bureau of Investigation to "turn over to the U.S. District Court . . . <u>all</u> defendant(s) records and addresses and phone numbers" and "other information concerning defendants['] criminal investigation of [his] parents['] estate in Phoenix, Louisiana . . . with which service of process upon defendants might be effectuated or attempted" in this case; and (2) an extension of time to provide the court with the service addresses of two defendants, Sylvia Thomas and Wanda Biggs.

Plaintiff has also filed, at one time or another during the brief pendency of this action, (1) a motion for leave to file exhibits/evidence, Record Doc. No. 20; (2) a motion for entry of default, Record Doc. No. 25; (3) a motion for appointment of counsel and "a named receiver for all defendant[s'] assets," Record Doc. No. 5; (4) another motion for appointment of counsel, Record Doc. No. 9; and (5) three motions for temporary restraining order, Record Doc. Nos. 4, 15 and 16.

I. ORDERS ON NON-DISPOSITIVE MOTIONS

A. Request for Extension of Time

Plaintiff has now provided the court with the service addresses of <u>all</u> defendants in this matter. Record Doc. No. 18. Accordingly, the portion of plaintiff's submission, Record Doc. No. 11, seeking an extension of time to respond to the court's order requiring him to provide the court with the service addresses of defendants in this matter is DISMISSED AS MOOT.

B. Requests for Discovery

Construed broadly, the portion of plaintiff's submission, Record Doc. No. 11, that seeks an order of the court requiring the Twenty-Fifth Judicial District Court, the United States Attorney's Office and the FBI (who are all non-parties), to produce to this court information concerning defendants' addresses, among other things, appears to be a motion for issuance of a subpoena duces tecum for production of documents. This

motion and plaintiff's Motion for Leave to File Exhibits/Evidence, Record Doc. No. 20, are hereby DENIED WITHOUT PREJUDICE AS PREMATURE. Plaintiff is advised that such discovery is premature. All parties have not yet been served. In addition, for the reasons set forth below, it appears that this court lacks subject matter jurisdiction over this matter. Under these circumstances, discovery is prohibited at this time. Fed. R. Civ. P. 26(d)(2).

C. Motion for Entry of Default

The summons as to defendant Wanda Biggs was returned unexecuted on May 1, 2009. Record Doc. No. 22. Defendant Joy Bray was served on April 30, 2009, Record Doc. No. 23, and her response is not yet due. Defendant Sylvia Thomas filed an answer on May 8, 2009. Record Doc. No. 24. Defendants therefore are not in default, and plaintiff's motion seeking entry of default, Record Doc. No. 25, is hereby DENIED.

D. Motions for Appointment of Counsel and a Receiver

Plaintiff's motions for appointment of counsel and a receiver, Record Doc. Nos. 5 and 9, are DENIED for the following reasons.

> The court has the authority to appoint "an attorney to represent any person unable to afford counsel." However, a party is not entitled to appointment of counsel as a right in a civil action: "There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."
> . . . . When the individual's action is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "extraordinary circumstances." The existence of

3

extraordinary circumstances "will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it."

Bridges v. Social Sec. Admin., No. CIVASA05CA0652XR, 2005 WL 1719251, at *1 (W.D. Tex. July 22, 2005) (quoting 28 U.S.C. § 1915(e)(1); Salmon v. Corpus Christi Indep. Sch. Dist., 911 F.2d 1165, 1166 (5th Cir. 1990); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)) (emphasis added).

Based upon the limited record to date, I find no extraordinary circumstances in this matter that would require appointment of counsel. Because it appears that no further proceedings should be conducted in this court for the reasons set out below, there is no reason to appoint either counsel or a receiver at this time.

## II. REPORT AND RECOMMENDATION

Plaintiff, Lonnie C. Encalade, is a prisoner currently incarcerated in Texas. He filed this complaint pro se and in forma pauperis against three individual defendants, Sylvia Thomas, Joy Bray and Wanda Biggs, whom he alleges are persons "claiming to be siblings of my parents," who opened a succession in the Louisiana state court in Plaquemines Parish concerning his parents' property in Phoenix, Louisiana. He claims that defendants opened the succession "under a misrepresentation," which is the basis for a criminal complaint he has filed with United States Justice Department agencies in New Orleans. He alleges that defendants' actions in "claiming my parents' estate" violates

4

his constitutional rights. Plaintiff's original complaint specifically invokes both this court's diversity of citizenship jurisdiction and the "RICO Act." In his supplemental complaint, plaintiff alleges that he was in prison and that his mother resided in Houston, Texas, at the time of defendants' wrongful conduct. He asserts that he is the "sole legal heir of the Encalade estate in Phoenix, Louisiana." Construed broadly,[1] plaintiff's complaint asserts state law fraud and conversion causes of action and federal RICO and civil rights claims. Record Doc. Nos. 3 and 13 (Complaint and Supplemental Complaint).

A. Standards of Review

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

---

[1] Pro se civil rights complaints must be broadly construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

5

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint that is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In addition, it is axiomatic that this court exercises only limited jurisdiction and must, at all times, examine and be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")). "Certainly, a federal court must always be satisfied that subject matter

jurisdiction exists and must even raise the issue sua sponte . . . ." Free v. Abbott Labs., Inc., 164 F.3d 270, 272 (5th Cir. 1999) (citing Steel Co., 523 U.S. at 94-95); accord Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008). It is equally axiomatic that plaintiff bears the burden to show the basis for subject matter jurisdiction. Oteeva, LP v. X-Concepts LLC, 253 Fed. Appx. 349, 2007 WL 3231078, at *2 (5th Cir. 2007); Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6) because it fails to state a cognizable claim under the broadest reading. For the following reasons, it is clear that this court lacks subject matter jurisdiction over plaintiff's claims relating to the allegedly fraudulent filing and administration of a Louisiana succession by private individuals in a Louisiana state court.

B.     Diversity of Citizenship

Plaintiff's complaint specifically invokes this court's diversity of citizenship jurisdiction as a basis for asserting various state law claims. The factual basis of Encalade's complaint is the alleged misrepresentations and criminal activity by defendants in the filing and administration of his parents' succession in a Louisiana state court. It is hornbook law that "federal courts may not hear probate matters as part of their diversity jurisdiction." E. Chemerinsky, Federal Jurisdiction § 5.3 at 288 (Little,

Brown 2d ed. 1994) (citing <u>Allen Prop. Custodian v. Allen</u>, 326 U.S. 490 (1945); <u>Byers v. McAuley</u>, 149 U.S. 608 (1893); <u>In re Broaderick's Will</u>, 88 U.S. (21 Wall.) 503 (1875)) (emphasis added).

Even if Encalade's claims could somehow be categorized as falling outside the exclusion of estate matters from federal jurisdiction, it is clear from his submissions that diversity of citizenship jurisdiction does not exist. Diversity jurisdiction exists when the claims in the complaint <u>are between citizens of different states</u> and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The law is long established that when federal jurisdiction is based on diversity of citizenship, <u>complete</u> diversity must exist between all adverse parties in the action; <u>i.e.</u>, plaintiff's citizenship must be diverse from the citizenship of each and every defendant. <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806); <u>Breaux v. Dilsaver</u>, 254 F.3d 533, 536 (5th Cir. 2001); <u>Whitmire v. Victus Ltd.</u>, 212 F.3d 885, 887 (5th Cir. 2000).

As previously stated, the burden of establishing federal jurisdiction rests with the party who invokes it. <u>Oteeva, LP</u>, 2007 WL 3231078, at *2; <u>Coury v. Prot</u>, 85 F.3d 244, 250 (5th Cir. 1996); <u>Boudreau</u>, 53 F.3d at 82. In addition, whether diversity jurisdiction exists is determined by examining the citizenship of the parties <u>at the time of filing</u> the complaint. <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570-71 (2004); <u>Ellison Steel, Inc. v. Greystar Constr. LP</u>, 199 Fed. Appx. 324, 2006 WL 2381924, at *3

(5th Cir. 2006); 13B C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3608, at 448 and cases cited at n.1 (West 1984 and 2006 Supp.). As noted above, "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

As a prisoner incarcerated in Texas, plaintiff is a Texan for diversity of citizenship purposes. Tinlin v. DeShazo, 244 F.3d 135, 2000 WL 1901528, at *1 (5th Cir. 2000); Harrison v. Sherman, 149 F.3d 1174, 1998 WL 413024, at *1 (5th Cir. 1998). Although plaintiff's original complaint failed to allege the citizenship of the defendants, his subsequent filings state that the addresses of defendants are: (1) Sylvia E. Thomas, 5903 Royal Street, New Orleans, Louisiana 70117; (2) Joy E. Bray, 7510 Decker Dr. #1805, Baytown, Texas, 77520; and (3) Wanda Biggs, 5903 Royal Street, New Orleans, Louisiana 70117. Record Doc. No. 18. Thus, it appears that Bray–like plaintiff–is a Texan for diversity purposes.

In this case, plaintiff makes claims that arise under state law, including misrepresentations and alleged criminal activity (apparently, theft of his property) in the filing and administration of a Louisiana succession. He apparently relies upon the court's diversity jurisdiction as his basis for adjudication of these state law claims in this federal court. However, complete diversity is absent because plaintiff Encalade is currently incarcerated in Texas and defendant Bray is also a Texas citizen. Record Doc.

9

Nos. 18 and 23.  Accordingly, complete diversity is lacking, and plaintiff has not shown any basis for jurisdiction based on diversity of citizenship.

    C.    <u>Federal Question Jurisdiction</u>

Of course, diversity of citizenship is not the only jurisdictional basis upon which this court may exercise its power.  The court also may exercise federal question jurisdiction over civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331.  In the absence of diversity of citizenship jurisdiction, this court may adjudicate Encalade's state law claims only if it has federal question jurisdiction over some claim, so that the court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  In his written submissions, Encalade asserts two kinds of federal question claims:  (1) a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; and (2) an action for damages and other relief based upon alleged violation of his federal constitutional rights under 42 U.S.C. § 1983.

However, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." <u>Dilworth v. Dallas County Cmty. College Dist.</u>, 81 F.3d 616, 617 (5th Cir. 1996) (citing <u>Raymon v. Alvord Indep. Sch. Dist.</u>, 639 F.2d 257, 257 (5th Cir. 1981); <u>Olivares v. Martin</u>, 555 F.2d 1192, 1195 (5th Cir. 1977)); <u>accord</u> <u>Burfict v. Mills</u>, No. 07-9753, 2008 WL 1734126, at *1 (E.D.

La. 2008) (Engelhardt, J.). A complaint that "alleges the existence of a federal question establishes jurisdiction, so that a dismissal for lack of jurisdiction is appropriate only when the court decides that a claim is frivolous or insubstantial, i.e., a claim that has no plausible foundation." Olivares, 555 F.2d at 1195 (citing Bell v. Health-Mor, Inc., 549 F.2d 342, 344 (5th Cir. 1977); Hilgeman v. National Ins. Co., 547 F.2d 298, 300 (5th Cir. 1977)); see also McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (quotation omitted) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.").

Thus, in Olivares, the Fifth Circuit held that the court had no subject matter jurisdiction over one claim that was "patently frivolous" because the federal statute cited by plaintiff had no relevance to the actions alleged in the complaint. The court dismissed another claim for lack of subject matter jurisdiction because the claim "lack[ed] essential elements giving rise to federal jurisdiction" when it failed to state all the elements of a cause of action. Olivares, 555 F.2d at 1195-96.

In the instant case, Encalade's RICO and Section 1983 claims fail to state cognizable federal causes of action, are legally frivolous and lack essential elements

11

giving rise to federal jurisdiction for the reasons set out below, such that this court also has no federal question jurisdiction over this complaint.

    D.    <u>Civil RICO Allegations</u>

For the following reasons, I find that Encalade's complaint is deficient in its attempt to state a RICO claim.

First, Encalade has not alleged that he has standing to assert a RICO violation under 18 U.S.C. § 1964(c), which provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court." Thus, to have standing to sue, Encalade must allege that (1) he has suffered injury to business or property, (2) which was proximately caused by defendant's predicate criminal acts. <u>Holmes v. Securities Investor Prot. Corp.</u>, 503 U.S. 258, 267-69 (1992); <u>Petty v. Merck & Co.</u>, 285 Fed. Appx. 182, 2008 WL 2884520, at *1 (5th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 1010 (2009) (citing <u>Price v. Pinnacle Brands</u>, 138 F.3d 602, 606 (5th Cir. 1998)); <u>Cullom v. Hibernia Nat'l Bank</u>, 859 F.2d 1211, 1214-15 (5th Cir. 1988).

As an alleged heir to real property in Louisiana, plaintiff may have alleged an injury to property, but he has not alleged facts to establish that any such injury was proximately caused by defendants' RICO predicate criminal acts. <u>Holmes</u>, 503 U.S. at 267-69; <u>Cullom</u>, 859 F.2d at 1216; <u>McCampbell</u>, 1997 WL 311521, at *2-3.

First, the complaint alleges civil misrepresentation, but no particular criminal violations by defendants. The RICO statute specifically lists those criminal offenses that constitute "racketeering activity," 18 U.S.C. § 1961(a), which in turn make up the "predicate acts," a "pattern" of which must be shown to assert a civil RICO claim. 18 U.S.C. §§ 1962(a) and (c). Plaintiff has not adequately alleged any particular crime that would constitute "racketeering activity," as defined by the RICO statute.

Second, when examining proximate cause, the court "considers whether the plaintiff was a 'target' of the predicate acts." McCampbell, 1997 WL 311521, at *3 (citing Cullom, 859 F.2d at 1214). Encalade alleges that his mother, a Texas citizen, was alive at the time of the alleged succession fraud. It appears that she–not he–had standing to challenge any alleged succession wrongdoing by defendants. See Alden v. Allied Adult & Child Clinic, L.L.C., 171 F. Supp. 2d 647, 651 (E.D. La. 2001) (Barbier, J.) (quoting Holmes, 503 U.S. at 268) ("[T]he proximate causation requirement is intended to preclude recovery by plaintiffs who complain of injuries resulting from 'the misfortunes visited upon a third person' by a defendant's unlawful acts under RICO.")

Moreover, even if plaintiff has standing, he has failed to allege a <u>pattern of racketeering activity</u> as required to state a claim under 18 U.S.C. § 1962 (b), (c) and (d). St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439 (5th Cir. 2000). "A pattern of racketeering activity requires two or more predicate acts <u>and</u> a demonstration that the

racketeering predicates are related <u>and</u> amount to or pose a threat of continued criminal activity." <u>Id.</u> (emphasis added).

As noted above, no crime constituting "racketeering activity" under Section 1961(a) has been alleged. Encalade lists only "misrepresentation" as a generic predicate act. He does not allege any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity by defendants, and he does not explain how these acts constitute "racketeering activity" or are related or amount to a continued threat of criminal activity. His allegations fall far short of alleging a RICO "pattern of racketeering activity," which must be stated with specificity to state a claim upon which relief might be granted. Fed. R. Civ. P. 9(b), 12(b)(6); <u>Elliott v. Foufas</u>, 867 F.2d 877, 881-82 (5th Cir. 1989); <u>Joe N. Pratt Ins. v. Doane</u>, No. V-07-07, 2008 WL 819011, at *3 (S.D. Tex. Mar. 20, 2008) (citing <u>Williams v. WMX Techs.</u>, 112 F.3d 175, 178 (5th Cir. 1997)).

Moreover, defendants' alleged succession fraud "is not independently wrongful under any substantive provision of the [RICO] statute." <u>Beck v. Prupis</u>, 529 U.S. 494, 506 (2000); <u>accord</u> <u>McFarland v. Weil</u>, 196 Fed. Appx. 417, 2006 WL 2045696, at *2 (7th Cir. 2006). "Injury caused by such an act is not, therefore, sufficient to give rise to a cause of action under" the statute. <u>Beck</u>, 529 U.S. at 506.

In addition, Encalade has not identified any "enterprise" separate and apart from any RICO "person." To state a claim under Sections 1962(c) and (d), "there must be a <u>person</u> who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an <u>enterprise</u>." <u>St. Paul Mercury Ins. Co.</u>, 224 F.3d at 439 (emphasis in original) (quotation omitted). "A RICO person is the defendant, while a RICO enterprise can be either a legal entity or an association-in-fact." <u>Id.</u> at 440. Thus, under these subsections, "the RICO person [must] be distinct from the RICO enterprise." <u>Id.</u> at 445. Encalade has named only three individual persons as defendants and has not identified any RICO enterprise that the defendants acquired, established, conducted or controlled.

Finally, Section 1962(d) prohibits a conspiracy to violate the other subsections of Section 1962. The complaint fails wholly to allege the essential elements of a conspiracy, much less a RICO conspiracy.

Because the complaint wholly fails to state a civil RICO claim, it contains no basis for federal question jurisdiction.

E. <u>Section 1983: Constitutional Claims</u>

Encalade alleges in the vaguest possible way that his constitutional rights have been violated. Construed broadly, these allegations may constitute a complaint that he

15

was deprived of property in violation of his due process rights. However, plaintiff fails to state a cognizable Section 1983 claim in this regard, and his claim must be dismissed.

Only state action in violation of an individual's constitutional rights may serve as the basis for a cognizable Section 1983 claim. Encalade alleges that the defendants whom he has sued in this action under Section 1983 are persons "claiming to be siblings of my parents," who opened a succession concerning his parents' property. Plaintiff asserts no claims concerning the conditions of his confinement in prison or against any state officials acting either as his custodians or in any other capacity.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by <u>a person acting under color of state law</u>." <u>James v. Texas Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008) (quotation omitted) (emphasis added). Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." <u>United States v. Causey</u>, 185 F.3d 407, 415 (5th Cir. 1999). "As a threshold matter, for a plaintiff to state a viable claim under § 1983 against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action

under color of law." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." Id. at 747-48. Thus, Encalade must show that defendants' actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

The defendants named in this complaint are private citizens whom plaintiff alleges are involved with him in a succession or estate dispute. "It is well-established that no 'state action' is involved when the state merely opens its tribunals to private litigants." Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *3 (5th Cir. 2008) (quotation omitted). Furthermore, litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Long v. Wright, 103 Fed. Appx. 800, 2004 WL 1386305, at *1 (5th Cir. 2004) (quotation omitted).

Under no circumstances can the defendants in this matter be considered state actors. The actions of defendants upon which plaintiff bases his claims were clearly taken as private persons, not in any official capacity authorized by the State of Louisiana. See Johnson ex rel. Wilson, 2008 WL 5212795, at *3 (Defendants who were "litigants and participants in [state] court proceedings [in which a guardian had been appointed for

17

plaintiff], and had no other relationship to, or interaction with," state officials, were not state actors.); Combs v. City of Dallas, 289 Fed. Appx. 684, 2008 WL 2831267, at *2 (5th Cir. 2008) ("Private attorneys, even when appointed by the court, are not official state actors . . . ."); Priester v. Lowndes County, 354 F.3d 414, 423 (5th Cir. 2004) (A public high school football player, who injured a teammate in an allegedly racially motivated attack during team practice, was not a state actor).

Because defendants are not state actors, plaintiff's Section 1983 claim has no basis in federal law and must be dismissed for failure to state a cognizable claim.

F. Motions for Temporary Restraining Order

Encalade has filed three Motions for Temporary Restraining Order in this matter. Record Doc. Nos. 4, 15 and 16. Because this court lacks subject matter jurisdiction and because plaintiff's only federal question claims are legally frivolous and fail to state a claim upon which relief might be granted, there is no basis for the temporary restraining orders he has requested.

**RECOMMENDATION**

The appropriate court in which plaintiff might pursue his state law claims concerning the alleged improper filing and/or administration of his parents' succession is the state court in Plaquemines Parish, not this federal court. For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED** for lack

of subject matter jurisdiction and failure to state a claim under the civil RICO statute or Section 1983.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motions for Temporary Restraining Order, Record Doc. Nos. 4, 15 and 16, be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  26th  day of May, 2009.

JOSEPH C. WILKINSON, JR
UNITED STATES MAGISTRATE JUDGE